UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MICHAEL SLEEPER,<br>  Plaintiff,<br>  v.<br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br>  Defendants. | Case No. 22-cv-05307-RS (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff's original 42 U.S.C. § 1983 complaint was dismissed with leave to amend because in that filing plaintiff raised unrelated claims, named institutions rather than persons as defendants, and failed to attach liability to individuals. (Order Dismissing the Complaint, Dkt. No. 1 at 1-2.) The first amended complaint he filed improves on the original complaint in that it narrows the claims to the events of July 27, 2022 when he was allegedly strip-searched without cause, deprived of medication, and placed in 24-hour confinement in a cell. (First Am. Compl., Dkt. No. 15 at 3.)

The first amended complaint fails to describe the actions of any specific individual and show how these actions violated plaintiff's federal constitutional rights. Rather, plaintiff alleges "[Sheriff] Paul Miyamoto et al" were responsible for these acts, and attaches a list of 189 defendants, without describing what actions they took. This is insufficient to state any claim for relief. Plaintiff must state which <u>specific</u> individuals strip-searched him or deprived him of medication (and provide the name of the medication and why he requires it) or confined him. Then he must describe their specific actions. He cannot simply name the sheriff or provide a list of over a hundred names. Also, judging from the allegations, it must have been a <u>few</u> persons who committed these acts, not over one hundred or anything close to that number. Plaintiff must narrow the number of defendants down to the exact few who were directly involved.

Plaintiff must pay attention to the following points. First, liability is determined on an individual basis. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

Second, persons cannot be held liable simply because they are supervisors, like the sheriff. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-77 (2009).

The first amended complaint is DISMISSED with leave to file an amended complaint on or before **July 24, 2023.** The amended complaint must include the caption and civil case number used in this order (22-05307 RS (PR)) and the words SECOND AMENDED COMPLAINT must be written on the first page. The amended complaint must also appear on this Court's form. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from any prior complaint by reference. Failure to file by July 24, 2023 a complaint compliant with

the instructions in this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff moves for the appointment of counsel. (Dkt. No. 13.) The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

Plaintiff has not shown that exceptional circumstances exist. His filings are clear, and the suit does not present complex legal issues. Accordingly, his motion for the appointment of counsel is DENIED. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** June  14 , 2023

_____
RICHARD SEEBORG
Chief United States District Judge